**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4582

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK JOSEPH FIELDS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:05-cr-00284-WLO)

Submitted:  May 25, 2007                    Decided:  June 6, 2007

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Joseph Fields entered a conditional plea of guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), reserving the right to challenge the district court's denial of his motion to dismiss the indictment. Fields appeals, contending that his predicate state conviction did not satisfy § 922(g)(1) as a matter of law. Finding no error, we affirm.

Fields asserts that, under North Carolina's structured sentencing scheme, his maximum sentence was less than twelve months because no aggravating factors were either admitted by him or found by a jury beyond a reasonable doubt. However, as Fields concedes, his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005).* Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of possession of cocaine in North Carolina, the district court properly considered Fields' prior conviction as a predicate felony for purposes of § 922(g)(1).

---

*Fields urges us to reexamine Harp in light of the Supreme Court's recent decision in Cunningham v. California, 127 S. Ct. 856, 860 (2007) (holding that California's determinate sentencing law violated Sixth Amendment by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence"). However, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

Accordingly, we affirm Fields' conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
